Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed June 20, 2003

No. 01-7167
& No. 01–7175

CARRAMERICA REALTY CORPORATION, ET AL.,
APPELLANTS

v.

JOSEPH KAIDANOW AND ROBERT A. ARCORO,
APPELLEES

———

Appeals from the United States District Court
for the District of Columbia
(No. 99cv00260)

Supplemental Opinion on
Petition for Rehearing

———

Before: EDWARDS and SENTELLE, *Circuit Judges,* and WILLIAMS, *Senior Circuit Judge.*

Opinion for the court filed PER CURIAM.

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

PER CURIAM: This supplemental opinion addresses an issue raised by the plaintiffs' petition for rehearing of our decision in *CarrAmerica v. Kaidanow*, 321 F.3d 165 (D.C. Cir. 2003). There we held that a technical error made by the board of directors in issuing conversion shares rendered the resulting shares voidable rather than void and the defendants' claims were barred by the equitable doctrine of estoppel. Additionally, we found that the board had properly ratified the shares after they were issued. *See id.* at 166. Therefore, we reversed the district court and ordered the grant of summary judgment to the defendant CarrAmerica. *Id.* The plaintiffs, Kaidanow and Arcoro, petition only on our grant of summary judgment as to their claims of the directors' breach of fiduciary duties. Because the underlying facts of the case have been articulated at length in our prior opinion, we will repeat only those facts relevant to the specific issue here.

The Delaware General Corporation Law requires that the plaintiff in a shareholder's derivative suit be a shareholder of the corporation he sues when the transaction of which he complains occurs. Del. Code Ann. Tit. 8 § 327 (2001). The defendants argue that Kaidanow and Arcoro lacked the proper standing to bring their fiduciary duties claim because they were not yet shareholders when the transaction which forms the basis of their complaint took place. The critical question to this inquiry is which transaction constitutes the plaintiffs' claims. There are two possibilities. On May 7, 1998, the board of directors met and authorized a resolution which included the following paragraph:

> NOW, THEREFORE, IT IS RESOLVED, that the conversion of the CarrAmerica Loan into a loan, some or all of which may be converted into equity of the Corporation, hereby is approved; *provided,* that the equity value used for conversion purposes shall not be less than $20 per share; . . . .

On September 30, 1998, the officers executed the agreement allowing CarrAmerica to convert its loan at the $20 per share price. Kaidanow and Arcoro did not become shareholders until August, therefore, if the complaint is based on the May

action, they lack the requisite standing. However, if the actual exercise of the agreement forms the basis of their complaint, they were then shareholders, and do have standing to bring these claims.

Delaware caselaw indicates that the time of the transaction is when the wrongful acts occurred which the plaintiff is seeking to remedy. In *7547 Partners v. Beck*, 682 A.2d 160 (Del. 1996), the Delaware Supreme Court held that a breach of fiduciary duty occurred when directors set the price term of shares in a private placement IPO, not when the sale was actually consummated. *Id.* at 162–63. The court reasoned that "the timing of the allegedly wrongful transaction must be determined by identifying the 'wrongful acts which [Partners] want[s] remedied and which are susceptible of being remedied in a legal tribunal.'" *Id.* at 162. (quoting *Newkirk v. W.J. Rainey, Inc.*, 76 A.2d 121, 123 (Del. Ch. 1950)). The court found that because the complaint was based on the board's "gross[ ] negligen[ce]" in setting the price at an "absurdly low amount" the transaction for which the plaintiffs sought a remedy took place at the time of agreement on the price, rather than the execution of the sale. *Id.* at 161–63. The court has also stated that in order to properly challenge a proposed merger, a plaintiff must have been a stockholder at the time its terms are agreed upon, because it is those terms which are challenged, not the technicalities of the merger's consummation. *In re Beatrice Cos., Litigation*, 522 A.2d 865, 1987 Del. LEXIS 1036, at *7–8 (Del. 1987). Finally, in a recent case, a Chancery Court found that, "[a] stockholder-plaintiff is barred from bringing claims when she purchases stock after the board of directors has approved a transaction and the transaction has been publicly disclosed." *Omnicare, Inc v. NCS Healthcare, Inc.*, 809 A.2d 1163, 1169 n.11 (Ct. Ch. Del. 2002).

This case presents circumstances similar to those in *7547 Partners*. The claimed wrongful act in regard to the directors' fiduciary duties, is that the $20 per share conversion price set by the board was too low. The only action taken by the directors in setting this price took place at the May 7 meeting, before Kaidanow and Arcoro were stockholders. If

a breach of fiduciary duty had occurred in the price-setting it would have happened on that date. In addition, although it is unclear whether the board's action was disclosed to the general public at that time, the record is plain that both plaintiffs were well aware of the action. In fact, the plaintiffs claimed in their initial brief in this appeal that the May 7 resolution was a motivating factor for their subsequent stock purchase.

The Delaware cases which might indicate an alternative analysis have been essentially limited to their specific facts by the precedent cited above. For example, in *7547 Partners*, the Delaware Supreme Court affirmed a Chancery Court's refusal to follow *Maclary v. Pleasant Hills, Inc.*, 109 A.2d 830 (Ct. Ch. Del. 1954), and distinguished that case on its facts. *7547 Partners*, 682 A.2d at 162. In *Maclary*, the court held that the breach of a board's fiduciary duties had occurred, not when a resolution authorizing the issuance of stock was authorized, but rather at the time the stock certificates were actually issued, three years later. *See* 109 A.2d at 833–34. In *7547 Partners*, the court noted the unusual delay in *Maclary* between the board's action and the actual issuance of the certificates and reasoned that those specific circumstances might require such a rule because that delay would make it very difficult to discover and challenge a board's wrongdoing. *See* 682 A.2d at 162. The court determined that no such 'inexcusable inaction' was extant in the case before it, and therefore, *Maclary* did not control the outcome. *Id.*

The facts of the present case fit the standard set by *7547 Partners*, because here the action being challenged by the plaintiffs was the action of the directors and there was no unreasonable delay in carrying it out. Additionally, because the plaintiffs were clearly aware of the board's actions as they were taking place, there is no reason to be concerned about these plaintiffs' ability to discover and challenge the alleged breaches of fiduciary duties. Therefore, the action which underlies the plaintiffs' complaint occurred at the May 7 meeting, at which time neither plaintiff was a shareholder,

and thus neither has the requisite standing to challenge the propriety of that action.

As a result, we grant summary judgment to the defendants on the claim of a breach of their fiduciary duties.